**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**

AUG 04 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| NABEEL SHAUKAT, MUNIR MATARIYEH ) <br> SALMAN BUDHWANI, on behalf of themselves ) <br> and other similarly-situated persons, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> WIRELESS 4 U INC., and RAHIM KURJI ) <br> ) <br> **Defendants.** ) | 06CV4214 <br> JUDGE ST. EVE <br> MAGISTRATE JUDGE KEYS |

**COMPLAINT**

Plaintiffs Nabeel Shaukat, Munir Matariyeh, and Salman Budhwani (collectively "Plaintiffs"), through their attorneys, on behalf of themselves and all other persons similarly situated known and unknown, for their Complaint against Wireless 4 U, Inc. (hereafter "W4U") and Rahim Kurji (collectively "Defendants"), state as follows:

**INTRODUCTION**

1.     Since August 1, 2003, Defendants W4U and Kurji have willfully violated The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA") by failing to pay Plaintiffs Nabeel Shaukat, Munir Matariyeh, Salman Budhwani, and all other persons employed by Defendants as sales managers, sales representatives, and other persons who performed the same or similar duties and responsibilities as Plaintiffs performed, time and one-half their regular rates of pay for time worked in excess of 40 hours per week.

2.     Plaintiffs bring this action on behalf of themselves and all other persons employed by Defendants as sales managers, sales representatives, and other persons who performed the same or similar duties and responsibilities, between August 1, 2003, and the date of the final disposition of this action ("the Collective Action Period"). This collective action is authorized and instituted pursuant to 29 U.S.C. § 216(b). Plaintiffs' Consent Forms to act as representative Plaintiffs in this action are attached hereto as Exhibit A. Plaintiffs and all such similarly situated persons are hereinafter referred to jointly as "the Collective Plaintiffs."

3.     The Collective Plaintiffs are similarly situated because they all perform or performed the same basic job duties and assignments, and all are or were subject to Defendants' common policies and practices of failing to compensate its sales managers, sales representatives, and other persons who performed the same or similar duties and responsibilities, overtime pay for time worked in excess of 40 hours per week.

**THE PARTIES**

4.     Plaintiff Nabeel Shaukat was employed by Defendants between December 26, 2004 and May 16, 2006 in various job positions, including sales manager and sales representative.

5.     Plaintiff Munir Matariyeh was employed by Defendants between December 5, 2005 and April 28, 2006, as a sales representative.

6.     Plaintiff Salman Budhwani was employed by Defendants between March 6, 2006 and July 4, 2006 in various job positions, including sales manager and sales representative.

7.     Plaintiffs were employed by Defendants as "employee(s)" as defined by the Fair Labor Standards Act, 29 U.S.C. 203(d), and the IMWL, 820 ILCS 105/3(c).

2

8.      Defendant W4U is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1).

9.      Defendants' employees are engaged in interstate commerce and Defendant W4U's annual gross volume of sales made or business done exceeds $500,000 exclusive of excise taxes.

10.     Defendant Kurji is an owner and shareholder of W4U and has the authority to manage the business operations at the W4U locations at which Plaintiffs were employed. Kurji also had the authority to hire and fire employees, the authority to direct and supervise the work of W4U's employees, the authority to sign on the corporation's checking accounts, and he participated in decisions regarding employee compensation.

11.     Defendants are Plaintiffs' "employer(s)" as defined by the Fair Labor Standards Act, 29 U.S.C. 203(d), and the IMWL, 820 ILCS 105/3(c).

**JURISDICTION AND VENUE**

12.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b).

13.     Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

14.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**SUMMARY OF FACTUAL ALLEGATIONS**

15.     Defendant W4U is a nationwide seller of cellular telephones and T-Mobile and Verizon cellular telephone service. W4U operates stores and kiosks to sell these products in

3

shopping malls throughout the United States. On information and belief, W4U operates approximately 80 such stores and kiosks throughout the United States.

16.     All W4U locations operated in the United States are a common enterprise as defined by 29 U.S.C. §203(r). Among other things, all W4U locations share common ownership, common management, utilize the same personnel policies, and apply the same payroll practices that are alleged herein to violate the FLSA.

17.     Defendants employ sales managers and sales representatives and other similarly situated persons to merchandise and sell Defendants' products and services in its retail establishments. Sales managers and sales representatives, and persons who perform the same or similar job duties and responsibilities as sales managers and sales representatives, including Plaintiffs and the Collective Plaintiffs, have as their the primary duty the selling of cellular telephones and T-Mobile and Verizon cellular telephone service.

18.     Plaintiffs worked for Defendants throughout the Chicago area, including in Bloomingdale, Illinois, Schaumburg, Illinois, and Lombard, Illinois.

19.     During the course of their employment, Plaintiffs were paid a monthly guarantee for all time worked, and were also paid a commission for each cellular telephone service activation they sold.

20.     For example, Plaintiff Matariyeh was paid a monthly guarantee of $1,600.00, later increased to $1,800.00 per month, and was also paid $10.00 for each cellular telephone activation he sold. Plaintiff Matariyeh was paid these wages for all time worked in individual work weeks.

21.     At no time during any representative period of Plaintiff Matariyeh's employment did the commissions he earn equal 50% or more of his total compensation.

4

22. During the course of their employment with W4U, Defendants directed and permitted Plaintiffs to work in excess of 40 hours per week, and Plaintiffs regularly worked in excess of 40 hours per week.

## COLLECTIVE ACTION ALLEGATIONS

23. The principal duties and business activities of the Collective Plaintiffs were essentially the same as the duties and activities of Plaintiffs. Those duties were to sell cellular telephones and T-Mobile and Verizon cellular telephone service to customers.

24. During the course of their employment, the Collective Plaintiffs were paid a monthly guarantee and were also paid a commission of $10.00 on each cellular telephone activation they sold. The Collective Plaintiffs were paid these wages for all time worked in individual work weeks.

25. During the Collective Action Period, the amount of commissions paid to Plaintiffs and the Collective Plaintiffs never equaled 50% of their total compensation in any representative period.

26. At all times during the Collective Action Period, all of the Collective Action Plaintiffs were paid in the same manner and under the same standard employment procedures and practices as Plaintiffs. A copy of Defendants' policies and procedures, which applied to Plaintiffs and the Collective Plaintiffs, is attached hereto as Exhibit B.

27. At all times during the Collective Action Period, the Collective Plaintiffs were allowed to work, and did work, in excess of forty (40) hours per week.

## COUNT I
### Violation of the Fair Labor Standards Act -- Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 27 of this Complaint.

5

28.     Plaintiffs and the Collective Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

29.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs and the Collective Plaintiffs worked in excess of 40 hours, they were entitled to compensation at a rate of one and one-half times their regular rate of pay for all time worked in excess of 40 hours per week.

30.     Defendants did not compensate Plaintiffs and the Collective Plaintiffs at a rate of one and one-half times their regular rate of pay for time worked in excess of 40 hours in individual workweeks.

31.     Instead, Defendants paid Plaintiffs and the Collective Plaintiffs a monthly guarantee and a $10.00 commission for the sale of each cellular telephone service activation, without additional compensation for hours worked in excess of 40 each week.

32.     The commissions that Plaintiffs and the Collective Plaintiffs were paid was not at least 50% of their total compensation in any representative pay period.

33.     Defendants' failure to pay Plaintiffs and the Collective Plaintiffs overtime pay at the rate of one and one half times their regular rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. §207.

34.     Defendants knew or showed reckless disregard for the fact that their compensation plan for Plaintiffs and the Collective Plaintiffs and their failure to compensate them at an overtime rate for hours worked in excess of 40 per week violated the Fair Labor Standards Act, 29 U.S.C. §207. Defendants' failure and refusal to pay overtime wages to Plaintiffs and the Collective Plaintiffs was, therefore, a willful violation of this law.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times the their regular rate of pay for all time Plaintiffs worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law -- Overtime Wages**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 34 of this Complaint.

35.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

36.     The matters set forth in this Count arise from Defendants' violation of the maximum hour provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

37.     At all relevant times herein, Defendants were "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were "employee(s)" within the meaning of that Act.

38.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their regular hourly rate of pay.

39.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay.

40. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. Judgment in the amount of one and one-half times Plaintiffs' normal hourly wage rate for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

8

**JURY DEMANDED ON ALL COUNTS**

Respectfully submitted,

Dated: August 3, 2006

DOUGLAS M. WERMAN (ARDC #6204740)
CHRISTOPHER J. WILLIAMS (ARDC #6284262)
Werman Law Office, P.C.
77 W. Washington, Suite 1815
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiffs

9

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Wireless 4You, Inc., and its owners, including Rahim Kurji, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _____Nabeel Shaukat_____ (print your name)

Your signature: _____Nabeel Shaukat_____

Date on which I signed this Notice: _____7/21/06_____
(today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Wireless 4You, Inc., and its owners, including Rahim Kurji, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _Munir Matariyeh_ (print your name)

Your signature: _Munir Mataryeh_

Date on which I signed this Notice: _July, 21 2006_
(today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Wireless 4You, Inc., and its owners, including Rahim Kurji, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is:  _Salman Budhwani_  (print your name)


Your signature:  _Slmn Bdh_


Date on which I signed this Notice:  _07-21-06_
(today's date)

# EXHIBIT B

# WIRELESS 4 U INC.
## EMPLOYEE AGREEMENT

1. Permanent employees will be entitled for one week paid vacation after one year of continuous service with Wireless 4 U Inc.

2. Any type of planned or unplanned leave availed by non-permanent staff shall be considered as leave without pay, shall be deducted from current pay period from salary. **Employees on company payroll for less than a year are considered as non-permanent employees.**

3. All the paychecks will comprise of two weeks pay and shall fall due for payment to the employees within seven days from the last calculated work day for the specified period. For example, paycheck for the days worked from Jan 1 till Jan 14, shall be disbursed maximum by Jan 21. In case it's holiday or weekend, then it shall be delivered on the following working day. Pay-period schedule is available from the office, and can be requested and taken at any point of time.

4. Sales Commissions for any month shall be paid at the completion of eight weeks following the end of the subject month.

5. Service agreements for customers is a confidential document, the information on it must be protected. Copies of service agreements are kept at a store in a separate binder, and none of the staff members is allowed to make a personal copy of VoiceStream or AT&T Service Agreement for any personal record.

6. All pay and commission checks are subject to tax deduction as required by state law.

7. The company encourages its managers and all staff to maintain excellent working environment at store premises, having professional and positive attitude towards the colleagues and customers, and keeping your staff motivated.

8. Taking all the steps to safeguard the electronic equipment, phones and accessories lying at the location, against any damage, theft, misuse, rough handling, etc. and ensuring that any company goods, materials, and property must be maintained in good working order and presentable condition.

9. Employees are expected to take care of their personal hygiene while attending the store and also keep the location clean and tidy.

10. As and when required, Wireless 4 U Inc., will transfer duties of employees from one location to the other, change job description, etc., to promote the business cause of the company and to ensure employee development and growth through employee rotation. There shall be no specific stay duration of an employee at any location, and is only subject to the performance and requirement of business.

11. Management has the right to increase or decrease employees hours and salary / wage at any time at the short notice subject to the business needs of the company.

12. Wireless 4 U Inc. corporate culture encourages all of its employees to display the best of teamwork, dedication, positive attitude and result oriented approach towards the assigned tasks, which would be equally beneficial to all employees and the company. However, the company strongly discourages any sorts of discrimination, harassment, conflict of interest with the company and its products and services.

Staff Signature:
Staff Name:

Page 1 of 4

13. To ensure excellent customer services and to achieve sales targets, all focus and follow-up is desired to close the sale and customers are given ample time and necessary information and materials, thus keeping them satisfied after the sale has been closed.

14. During the tenure of service with Wireless 4 U Inc., it is required that no such information, written or verbal, or material shall be shared, given or transmitted in any form to any person, party, ex-employees, competition, directly or indirectly related to the industry, which can provide any understanding or information regarding the company, Wireless 4 U Inc. The information and materials pertaining to sales figures, potential customer lists, corporate accounts, staff, procedures, costs, profitability, technical information, future plans and the likes.

15. To ensure that the staff attends the store on an agreed upon timings, and that factual reporting of the same is done. $25.00 fine is applicable for late coming, early leave, and extended absence from store without information and approval. Fine of $50.00 per day is applicable on absence without prior approval from corporate management.

16. To avoid any fraud by customers and at the same time ensuring that the salesperson sells the phone to the right person, it is mandatory to check customer ID at all times, without exception. I understand that it is my responsibility as a sales person to check customer ID and ensure that the customer is personally present. In case of any frauds, originating because of improper ID check, I agree to pay the company for the losses for the amount involved, that can be deducted out of my salary and commission, for which I have no objection.

17. The employee understands that any mis-representation or mis-reporting, financial or otherwise, is an offense, which shall lead to any action by the company, Wireless 4 U, even to the extent of termination.

18. Employees leaving the company must serve a notice of two weeks in advance, in writing, to corporate office at Manchester Road, so that management can find a suitable replacement within that time frame. Management has the right to waive off the notice period, at their own discretion. In case, an employee leaves the company without any prior written notice of two weeks, management shall deduct a fine of $ 200.00, as the charge for inconvenience and loss of business due to sudden absence / leave of employee.

19. All the stores shall be paid surprise visits and secret shop visits, with the purpose of checking store cleanliness, display, staff attire, customer dealing and knowledge on the plans. For non-satisfactory report, manager or staff responsible for the store, shall be subject to fine of $25.

20. Employees should refrain from smoking on the office premises or to attend office under the influence of alcohol or any other toxic substance.

21. Wireless 4 U Inc., is an equal opportunity employer without any bias or discrimination in any form or manner, in terms of race, sex, disability, language, religion.

Staff Signature:
Staff Name:

22.  It is the responsibility of the manager to safeguard the interests and property of the company, including phones and accessories inventory, electronic equipment, cash, and any valuables belonging to the company. Any discrepancies from the company's assets shall be the responsibility of the manager or the person who has been given the charge, temporary or otherwise. In this case, the undersigned is fully aware and accountable to be held liable for any loss or damages to Wireless 4 U property / inventory due to negligence and lack of responsibility, deliberate or otherwise.

23.  In case of employee resignation or termination by the company, all dues (advances, wireless phone bill, sales proceeds, monies owed due to deliberate fraud by the employee, monies owed due to mis-representing an account / statement, balances owed to customers solely because of employee negligence, willful fraud by employee, and any other outstanding money) falls due immediately for payment by the employee towards the company. If any such payment is not received within three days of resignation or termination, then the company has the right to deduct all those dues from employee salary / wage or sales commission, whichever falls first.

24.  In case of employee termination by the company or resignation by employee, commissions shall be paid to employees who completed their ninety days of service with the company, and (sales commissions) shall be paid after the company, Wireless 4 U Inc., is free of any charge-back liabilities or any such from its then wireless carriers. Current charge-backs average at 121 to 181 total days from the date of activation for VoiceStream Wireless and AT&T Wireless, respectively.

25.  Staff (after termination or resignation) shall be eligible for sales commissions only after completion of ninety days of continuous service with Wireless 4 U Inc. Disbursement of sales commissions will be suspended permanently if the employee leaves the company or terminated within ninety days of joining. Deduction from salary / wage shall be made for any sales commissions paid during the first three months of probation period.

26.  All staff must provide in their valid land line numbers at the time of joining. During the service, the change in land line telephone number needs to be communicated to corporate store and to the store manager within three days of change of number.

27.  Employee understands that he/she has joined the company, Wireless 4 U Inc., willingly and shall be working with determination and willingness towards the assigned tasks, without coercion and any liability, in any form or manner, to Wireless 4 U Inc. Assigned tasks includes any kind of office work, required and necessary to conduct business of the company. The employee absolves Wireless 4 U Inc. and does not hold the company responsible for any liability in any form or manner for any mishap or claim, in any form or manner for which the employee is not covered under his or her personal insurance.

28.  Dealer Lines are approved after two months of employee service with the company, Wireless 4 U, with the concept of being accessible all the times, to cater for emergencies, urgencies and for smooth operation of the business, especially before and after business hours. Special plan is approved by the company, but paid for by the employee, for the phone, monthly bill, Line Activation, and any expense related to DL package. Wireless 4 U Inc. reserves the right to cancel the DL line during employee's service with the company or after resignation / termination of employee from the company.

Staff Signature:
Staff Name:

29.    Wireless 4 U Inc., will issue separate price for the employee phone after written request from employee. Phone price will be paid up-front by the employee and phone will be issued from corporate store, and shall not in any case be taken from the store, unless approved by the corporate.

30.    Monthly bills for staff Dealer Lines shall be deducted in full from either the salary/wage or sales commissions of staff as soon as the payment of bill is due. Undersigned agrees and authorizes the company, Wireless 4 U Inc., to deduct all the outstanding dues, pertaining to monthly bills, charge-backs, advances, etc. from salary and commissions.

31.    All staff is encouraged to buy any items, phones, accessories, etc., for their personal usage, from corporate store only, for which they'll be given a standard employee discount. All managers and staff, are not allowed to take any item directly from the store for their personal use, unless authorized by corporate, as it will be considered as violation of company set rules.

32.    Cash Sale in the Cash Register, shall not in any case be utilized by any staff member for any personal use.

33.    All staff must attend the stores in a presentable attire, Business Casual, with a fresh look.

34.    Manager and staff, closing the store is responsible for cleaning the store at the end of the day. Which includes, floor / carpet, glass, display setup, trash, etc.

35.    Manager and staff, closing the store must finish the daily reports, daily fax and telephone call to corporate or to the then assigned number on daily sales performance.

36.    The company, Wireless 4 U Inc., can alter, add, or delete any or all of the terms and conditions laid down in this document, at any time, as and when deemed necessary by the company or by law.

37.    I have read and agree to the terms stated in this contract.


Mr. Rahim Kurji                            Staff Signature:
Chief Executive Officer                   Staff Name:
Wireless 4 U Inc.                          SSN #
State of Missouri                          Date: